People ex rel. Gulino v Imperati (2024 NY Slip Op 00963)

People ex rel. Gulino v Imperati

2024 NY Slip Op 00963

Decided on February 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2024-01293
DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Joseph S. Gulino, Jr., on behalf of Khadija Howard, petitioner,
v
Kirk Imperati, etc., et al., respondents. Joseph S. Gulino, Jr., White Plains, NY, petitioner pro se.

Anthony P. Parisi, Poughkeepsie, NY (Kristen A. Rappleyea and Joelle P. Morabito-Cruz of counsel), for respondents.
Writ of habeas corpus in the nature of an application to release Khadija Howard upon her own recognizance or, in the alternative, to set reasonable bail upon Dutchess County Indictment Nos. 82/2023 and 70920/2023.

ADJUDGED that the writ is sustained and Khadija Howard is released upon her own recognizance on condition that Khadija Howard shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Dutchess County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the County Court, Dutchess County; (2) remain confined to her residence except for visits to her attorney, her doctors, or court, and must travel directly from her residence to her attorney, her doctors, or court, and directly back to her residence when conducting those visits; (3) surrender all passports, if any, she may have to the Office of the District Attorney of Dutchess County, or, if she does not possess a passport, she shall provide to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which she attests that she does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which she attests that if she leaves the jurisdiction she agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Khadija Howard has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c), has surrendered all passports, if any, she may have to the Office of the District Attorney of Dutchess County, or, if she does not possess a passport, has provided to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which she attests that she does not possess a passport, and shall not apply for any new or replacement passports, and has provided to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which she attests that if she leaves the jurisdiction she agrees to waive the right to oppose extradition from any foreign jurisdiction, the [*2]Warden of the facility at which Khadija Howard is incarcerated, or his or her agent, is directed to immediately release Khadija Howard from incarceration.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court